## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**LYNN DEMETRIS JONES**                                          **PLAINTIFF**
**ADC #132622**

**V.**                   **NO. 4:24-cv-01012-KGB-ERE**

**MARY G. COBBS and**
**ADAM CLARK**                                                 **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.   Background

*Pro se* plaintiff Lynn Demetris Jones, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Jones' complaint alleges that: (1) Major Mary G. Cobbs issued him a false disciplinary; (2) he was transferred to "D.R.U. w/out no knowledge about a major disciplinary" (*Doc.*

*1 at 3*); (3) as a result of the conviction of the alleged false disciplinary, he was sentenced to 30 days in isolation, his commissary and phone privileges were restricted for 60 days, and he lost 229 days of good time credit; and (4) Deputy Warden Adam Clark allowed Major Cobbs to issue the false disciplinary. Mr. Jones sues Major Cobbs and Deputy Warden Clark in both their individual and official capacities seeking monetary and injunctive relief.

## III. Discussion

### A. Standard

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. False Disciplinary

Although Mr. Jones' complaint alleges that Defendant Cobbs issued him a false disciplinary and Defendant Clark allowed her to do so, the issuance of a false disciplinary without more, does not rise to the level of a constitutional violation.

*Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir.1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Jones has not alleged or identified any retaliatory motive that Defendant Cobbs might have had to issue a false disciplinary or any retaliatory motive that Defendant Clark might have had to allow Defendant Cobb to issue a false disciplinary.[1]

Mr. Jones' complaint fails to state a plausible constitutional claim related to the issuance or a false disciplinary.

### C. Due Process Claim

Due process requires that an inmate receive: (1) advance written notice of the disciplinary charge; (2) an opportunity to call witnesses and present a defense; (3) a written statement of the evidence the fact-finder relied on and the reason for the disciplinary action; and (4) findings that are supported by "some" evidence. *Wolf v. McDonnell*, 418 U.S. 539, *563-67*. However, to state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty,

---

[1] To the extent that Mr. Jones seeks to hold Defendant Clark liable based on his supervisory position as Deputy Warden, well established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). In this case, Mr. Jones' due process claim must be based on the denial of a liberty interest.

In his complaint Mr. Jones states that, as a result of the conviction for the disciplinary charge at issue, he was assigned to isolation for 30 days, his commissary and telephone privileges were restricted for 60 days, and he lost 229 days of good time credit. Such punishment is not severe enough to trigger a constitutionally protected liberty interest.[2] As a result, Mr. Jones' complaint fails to state a plausible due process claim.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[2] See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); and *Wood v. Arkansas Parole Board*, 2022 Ark. 30, 5 (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3 (2019) (the Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas."); *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

1.  Mr. Jones' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.  In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.  The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.  The Clerk be directed to close this case.

Dated 13 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE